**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**VIRGINIA DAVIDSON**                                                      **PLAINTIFF**

**V.**                              **NO. 3:19-CV-215-BD**

**ANDREW SAUL, Commissioner**
**Social Security Administration[1]**                              **DEFENDANT**

## ORDER

**I.    Introduction:**

On September 18, 2017, Virginia Davidson applied for disability benefits, alleging

disability beginning on August 24, 2017. (Tr. at 10) Ms. Davidson's claims were denied

initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative

Law Judge (ALJ) denied Ms. Davidson's application. (Tr. at 23) Ms. Davidson requested

that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at

1) Therefore, the ALJ's decision stands as the final decision of the Commissioner.

Ms. Davidson filed this case seeking judicial review of the decision denying her

benefits.[2]  For the reasons stated below, the Court affirms the decision of the

Commissioner.

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security
Administration. He is substituted, therefore, as the Defendant. FED. R. CIV. P. 25(d)

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate
Judge.

## II.   **The Commissioner's Decision**:

The ALJ found that Ms. Davidson had not engaged in substantial gainful activity since the alleged onset date of August 24, 2017. (Tr. at 12) At step two of the five-step analysis, the ALJ found that Ms. Davidson had the following severe impairments: degenerative disc disease, obesity, depression, and bipolar disorder. *Id*.

After finding that Ms. Davidson's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that she had the residual functional capacity (RFC) to perform work at the sedentary level, with some additional limitations: (1) she could only occasionally stoop and crouch; (2) she could perform work where the interpersonal contact is incidental to the work performed, incidental defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, accepting payment, and making change; (3) she could perform tasks where the complexity can be learned by demonstration or repetition within thirty days with few variables and little judgment; and (4) workplace supervision required is simple direct, and concrete. (Tr. at 16).

The ALJ found, based on Ms. Davidson's RFC, that she was unable to perform any past relevant work. (Tr. at 21) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Ms. Davidson's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that

she could perform, including work as addressing clerk, document preparer, and wafer

breaker. (Tr. at 22) Thus, the ALJ held that Ms. Davidson was not disabled. *Id.*

## III.  **Discussion:**

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error

and assure that the decision is supported by substantial evidence on the record as a whole.

*Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d

922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence

that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*,

600 F.3d at 929. The Court will not reverse the decision, however, solely because there is

evidence to support a conclusion different from that reached by the Commissioner.

*Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

### B.   Ms. Davidson's Arguments on Appeal

Ms. Davidson maintains that the evidence supporting the ALJ's decision to deny

benefits is less than substantial. She asserts that the ALJ failed to give weight to any

medical opinions, that he should have further developed the record, that he erred at step

two, that the RFC was unsupported by the record, and that the ALJ failed to carry his

burden at step five.

Ms. Davidson's main medical problem was back and lower extremity pain.

Lumbar MRI showed mild-to-moderate conditions indicating degenerative disc disease.

(Tr. at 342) Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Ms. Davidson tried medication, physical therapy, trigger point injections, steroid injections, and medial nerve branch blocks. (Tr. at 264, 352-357, 368, 514, 528, 534) While she admitted that medication, massage, and ice helped to relieve some pain, and she told her doctor that nerve blocks reduced pain as well, she testified at the hearing that her pain was constant and debilitating. (Tr. at 532, 561-562) The medical record does not support this allegation.

Ms. Davidson underwent lumbar fusion surgery in 2017. (Tr. at 386-389) The day after surgery, she reported that she was completely pain free. (Tr. at 388-390) Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

Two weeks after surgery, Ms. Davidson said she was very pleased, and that all of her leg pain was gone. (Tr. at 448) In December 2017, the range of motion in her back was "satisfactory to excellent," and doctors urged her to continue conservative care. (Tr. at 466)

In January 2018, Ms. Davidson reported that she was still improving but had some right lower extremity pain. (Tr. at 462-463) She declined steroid injections at that point. *Id.* Her doctor recommended that she continue her home exercise program. *Id.* A

physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

In September 2018, Ms. Davidson said that her pain was better with medications. (Tr. at 561-569) Throughout the period after surgery, she was treated with trigger point injections and medial branch blocks; and she said both were successful. (Tr. at 528-534) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Ms. Davidson also complained of neuropathy, but at the hearing, she denied having diabetic neuropathy. (Tr. at 43) While she did have some lower leg pain, her doctors routinely noted that she was ambulatory and in no acute distress. (Tr. at 300, 307, 324) A nerve conduction study showed no evidence of polyneuropathy. (Tr. at 345) Moreover, Ms. Davidson admitted that she could prepare meals, do simple chores, shop in stores, get her children off to meet the bus in the morning, take care of a pet, drive, and attend some of her children's activities. (Tr. at 43-47, 193-195) She also said that she could watch television, visit with friends, talk on the phone, and shop on her computer. (Tr. at 193-195) Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Ms. Davidson has not come forward with any reason why the ALJ should have found neuropathy to be a severe impairment at step two.

While she did have a diagnosis of bladder incontinence, treatment for that condition was conservative, and she did not require surgery or hospitalization. She said

that her problems stopped when she stopped taking a certain medication and that her frequent trips to the bathroom could be explained by how much water she drank. (Tr. at 46, 325-326) There was no error in excluding bladder incontinence from the list of severe impairments.

Ms. Davidson had some mild episodes of depression, but she sought out no specialized psychiatric treatment and did not require hospitalization. Again, she was able to perform daily activities that contradict her complaints of significant mental limitations.

The ALJ indicated at step three that Ms. Davidson had moderate problems in concentration, persistence, and pace. (Tr. at 14) Ms. Davidson argues that these limitations should have been presented to the VE at the hearing. However, this Court has held, following the Eighth Circuit's guidance, that a well-tailored limitation to simple jobs with direct supervision can account for step-three limitations in concentration, persistence, and pace. *Williams v. Saul*, Case No. 2:18-00174-BD (E.D. Ark. Feb. 25, 2020); *Brachtel v. Apfel*, 132 F.3d 417 (8th Cir. 1997). Here, there are few medical records documenting problems in these areas; there is no evidence of treatment for mental issues; and Ms. Davison was able to perform a variety of activities requiring mental acuity. In these circumstances, the ALJ was not required to specifically include limits on concentration, persistence, and pace in the hypothetical posed to the VE. A hypothetical need only include limitations supported by the evidence in the record as a

whole. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). Accordingly, there was no error at step five.

Finally, while Ms. Davidson contends that the ALJ erred by failing to state the weight he gave to the state-agency reviewing doctors' opinions that Ms. Davidson could perform light work, the ALJ did state that the opinions were reasonable based on the medical evidence. (Tr. at 20) He wrote that he considered the opinions but decided to assign a more restrictive RFC based on later-received evidence and on Ms. Davidson's subjective complaints. There is no requirement that an RFC finding be supported by a specific medical opinion. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

Finally, because the medical record showed improvement with surgery and positive response to treatment for pain, as well as mild-to-moderate conditions, the ALJ did not need to further develop the record.

## IV.   <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly weighed the opinion evidence, the record was fully developed, and the ALJ did not err at step two or step five. The finding that Ms. Davidson was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. The case is dismissed, with prejudice.

IT IS SO ORDERED this 29th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE